MESSA & ASSOCIATES, P.C.
By: Joseph L. Messa, Esquire
    A. Christine Giordano, Esquire
Attorney I.D. No.: 53645/58456
123 South 22nd Street
Philadelphia, PA 19103
(215) 568-3500 / Fax: (215) 568-3501                    Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PA

TIKI GARNETT                            :
                                        :
                                        :
                    Plaintiff,          :
                                        :
        vs.                             :
                                        :
TAYLOR HOSPITAL, et al.                 :
                                        :
                    Defendants.         :    C.A. No.: 10-cv-05230

**PLAINTIFF'S REPLY TO AFFIRMATIVE DEFENSES
OF DEFENDANT, TAYLOR HOSPITAL**

1. Denied. This first affirmative defense contains conclusions of law to which no response is required. To the extent a response is required it is specifically denied that Plaintiff has failed to state a cause of action against answering Defendant upon which relief may be granted.

2. Denied. This second affirmative defense of the Defendant Maksymilian Kawalec, M.D. contains conclusions of law to which no responsive pleading is required. To the extent a responsive pleading may be required it is specifically denied that answering Defendant was not negligent. It is specifically denied that answering defendant acted reasonably, properly and with due care under the circumstances at all times.

3. Denied. Plaintiff's response to the third affirmative defense of Defendant Maksymilian Kawalec, M.D. is denied. The third affirmative defense of the Defendant contains

1

conclusions of law to which no response is required. To the extent that a response is required it is specifically denied that any acts or omissions of Defendant alleged to constitute negligence were not a substantial cause or proximate cause of the subject incident and/or did not result in the injuries and/or damages to the Plaintiff.

4. Denied. Defendant's fourth affirmative defense is denied. This paragraphs contains conclusions of law to which no response is required. To the extent a response is required it is specifically denied that the incidents and/or damages described in Plaintiff's Complaint may have been caused or contributed to by the Plaintiff for comparative and/or contributory negligence.

5. Denied. Defendant's fifth affirmative defense contains conclusions of law to which no response is required. To the extent a response is required it is specifically denied that plaintiff's injuries and/or damages may have been caused by the acts and/or omissions of the plaintiff and/or other persons and/or other entities over whom answering defendant had no duty to control and exercised no control.

6. Denied. This paragraph contained in Defendant's sixth affirmative defense contains conclusions of law to which no response is required. To the extent that a response is required it is specifically denied that the claimed injuries may have been caused by intervening and superceding acts of others over whom answering Defendant had no duty to control and exercised no control.

7. Denied. This paragraphs contained in Defendant's seventh affirmative defense contains conclusions of law to which no response is required. To the extent that a response is required it is specifically denied that Plaintiff's injuries and/or damages were not proximately caused by the answering Defendant.

8. Denied. This paragraph contained in Defendant's eight affirmative defense is a conclusion of law to which no response is required. To the extent that a response may be required it is specifically denied Plaintiff's claims may be barred by the doctrine of assumption of the risk.

9. Denied. This paragraph contained in Defendant's ninth affirmative defense is a conclusion of law to which no response is required. To the extent a response is required it is specifically denied that Plaintiff's claim may be barred by the doctrine of contributory negligence.

10. Denied. This paragraph contained in Defendant's tenth affirmative defense is a conclusion of law to which no response is required. To the extent a response may be required it is specifically denied that Plaintiff's claim may be barred or reduced by the provisions of the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. §7201, et seq.

11. Denied. This paragraph contained in Defendant's eleventh affirmative defense is a conclusion of law to which no response is required. To the extent a response is required it is specifically denied that the Plaintiff failed to mitigate any damages sustained.

12. Denied. This paragraph contained in Defendant's twelfth affirmative defense is a conclusion of law to which no response is required. To the extent a response is required it is specifically denied that Plaintiff's claims and/or requests for damages may be barred by Act 135. It is specifically denied that answering defendant complied with the requirements of Act 135.

13. Denied. This paragraph contained in Defendant's thirteenth affirmative defense is a conclusion of law to which no response is required. To the extent a response is required it is specifically denied that Plaintiff's claims may be barred by the Doctrine of Release.

14. Denied. This paragraph contained in Defendant's fourteenth affirmative defense is a conclusion of law to which no response is required. To the extent a response is required it is specifically denied that Plaintiff's claim may be barred by the applicable Statute of Limitations.

15. Denied. This paragraph contained in Defendant's fifteenth affirmative defense is a conclusion of law to which no response is required. To the extent a response is required it is specifically denied that Plaintiff's claims and/or requests for damages are barred or limited by the provisions of the Health Care Services Malpractice Act of 1975, 40 Pa. 1301, et seq., as amended.

16. Denied. This paragraph contained in Defendant's sixteenth affirmative defense is a conclusion of law to which no response is required. To the extent a response is required it is specifically denied that Plaintiff's claims may be barred in whole or in part by the Medical Care Availability and Reduction of Error Act and/or the Health Care Services Malpractice Act.

17. Denied. This paragraph contained in Defendant's seventeenth affirmative defense is a conclusion of law to which no response is required. To the extent a response is required it is specifically denied that Plaintiff has failed to plead the application of the discovery rule to toll the Statute of Limitations.

18. Denied. This paragraph contained in Defendant's eighteenth affirmative defense is a conclusion of law to which no response is required. To the extent a response is required it is specifically denied that Plaintiff has failed to plead facts sufficient to toll the applicable Statute of Limitations.

19. Denied. This paragraph contained in Defendant's nineteenth affirmative defense is a conclusion of law to which no response is required. To the extent a response may be required it

is specifically denied that the allegations of the Complaint do not state a claim against the Answering Defendant which would authorize or entitle Plaintiff to recover punitive or exemplary damages.

20. Denied. This paragraph contained in Defendant's twentieth affirmative defense is a conclusion of law to which no response is required. To the extent a response is required it is specifically denied that Plaintiff may have already entered into a release with other entities which have the effect of discharging Answering Defendant in this action.

21. Denied. This paragraph contained in Defendant's twenty-first affirmative defense is a conclusion of law to which no response is required. To the extent a response is required it is specifically denied that the acts or omissions of the Answering Defendant were not substantial factors or causes of action or incident of which Plaintiff's Complaint and/or did result in the injuries or damages alleged by the Plaintiff.

22. Denied. This affirmative defense contains conclusions of law to which no response is required. To the extent a response is required it is specifically denied that Answering Defendant individually and/or through his agents, ostensible agents, servants and/or employees provided treatment in accordance with the applicable standards of medical care at the time and place of treatment.

23. Denied. This affirmative defense contains conclusions of law to which no response is required. To the extent a response is required it is specifically denied that Plaintiff's claim has failed to state a cause of action against the Answering Defendant under agency theories for the actions or alleged inactions of any other individual or entity, named or unnamed.

24. Denied. This affirmative defense contains conclusions of law to which no response is required. To the extent a response is required it is specifically denied that Section 606 of the

Health Care Services Malpractice Act provides that in the absence of a special contract in writing the healthcare provider is neither a warrantor nor a guarantor of a cure, and such provision does not bar the claims of the Plaintiff in this matter.

25. Denied. This affirmative defense contains conclusions of law to which no response is required. To the extent a response is required it is specifically denied that Plaintiff's cause of action is barred for failure to name a necessary and/or essential party.

26. Denied. This affirmative defense contains conclusions of law to which no response is required. To the extent a response is required it is specifically denied that under Pennsylvania law Plaintiff is not entitled to recover for loss of life's pleasures in the context of a claim under either the Wrongful Death Act or the Survival Act.

WHEREFORE, Plaintiff demands judgment in her favor and against the defendants with an award of cost and disbursements incurred by the Plaintiff including attorney's fees together with such other relief in favor of the Plaintiff as this Honorable Court shall deem appropriate under the circumstances.

Respectfully submitted,

MESSA & ASSOCIATES, P.C.

By: /s/ Christine Giordano
Joseph L. Messa, Jr., Esquire
A. Christine Giordano, Esquire

Date: December 13, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2010, I served a true and correct copy of Plaintiff's Reply to Affirmative Defenses of Defendant, Taylor Hospital, via first class mail upon:

    Kenneth D. Powell, Jr., Esquire
    Donna Lynn DeLorme, Esquire
    2000 Market Street, 13th Floor
    Philadelphia, PA 19103

    **Attorney for Defendants:**

    Taylor Hospital
    Maksymilian Kawalec, M.D.
    Marina Cherayil, M.D.
    Crozer Keystone Health System
    Serena Baqai, D.O.

                                                    **MESSA & ASSOCIATES, P.C.**

                                                    */s/ A. Christine Giordano*
                                                    Joseph L. Messa, Jr., Esquire and
                                                    A. Christine Giordano, Esquire

Date: <u>December 13, 2010</u>